Jim Sharon Bearden, Orange, for appellant.

William C. Wright, County Atty., Orange, for appellee.

**Raymond PAPILION, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 83 049 CR.**

Court of Appeals of Texas, Beaumont.

Oct. 26, 1983.

## OPINION

DIES, Chief Justice.

On August 18, 1982, appellant Raymond Papilion was indicted for the attempted murder of Shelby Lee Wilridge. This appeal is brought from Papilion's resultant attempted voluntary manslaughter conviction wherein his punishment was assessed at three years in the Texas Department of Corrections.

Appellant, in his grounds of error, complains that the trial court erred in instructing the jury as follows:

"You are instructed that when a deadly weapon, if any, is used, a presumption arises that a defendant intended to kill the victim."

This presumption was based upon Article 45,* Texas Penal Code of 1925. This was repealed effective January 1, 1974, and does not appear in the new penal code. *Harrell v. State,* No. 105–83 (Tex.Cr.App., September 28, 1983) (not yet reported). It was, therefore, error for the trial court to so charge in the case at bar. *Brooks v. State,* 548 S.W.2d 680, 684–685 (Tex.Cr.App.1977); *Stroud v. State,* 120 Tex.Cr.R. 466, 46 S.W.2d 689, 694 (1932). And, since the trial court charged: "You are instructed that an intent to kill is an essential element of the offense of attempt to commit murder and the offense of attempt to commit voluntary manslaughter, ..." it cannot be said the error was harmless. This ground is sustained and the case is reversed and remanded for a new trial.

REVERSED and REMANDED.

---

* Repealed by Acts of 1973, 63rd Leg., ch. 399, § 3(a).

  Article 45. Intention presumed. "The intention to commit an offense is presumed whenever the means used is such as would ordinarily result in the commission of the forbidden act."